IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LETTIE MALONE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0055-CG-N |
| | ) | |
| STATE FARM FIRE AND CASUALTY and JAMES P. GREEN, | ) ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the court on the plaintiff's Motion for Leave to Proceed In Forma Pauperis (doc. 2). That matter has been referred to the undersigned pursuant to 28 U.S.C. §636 and Local Rule 72.

Motions to proceed IFP are governed by 28 U.S.C. §1915; a provision of that section provides that "the court shall dismiss the case...if...the action ...is frivolous...[or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). In addition, "subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection." Wachovia Bank v. Schmidt, 546 U.S. 303, 305 (2006). Despite questions concerning the grounds of plaintiff's complaint, it is nonetheless clear that this action is due to be dismissed pursuant to such authority.

Plaintiff's pro se complaint contains a reasonably thorough narration of the adverse rulings of the Probate Court of Mobile County, Alabama. The rulings occurred during the administration of the estate of a man whom plaintiff claims was her common-law husband. Ms. Anderson opened the estate in 2006, and was initially named administrator of the estate. Plaintiff complains that the probate judge removed her from that position, decided that she was

not the common-law spouse of the decedent, distributed the assets of the estate–including the house in which she and decedent lived–and certain assets of which she claims ownership to other claimants, and took other action to her detriment.  Her Complaint asserts that she seeks "my money from the repairs of the home, the stolen furniture, house notes paid, and money from the sale of our home."  Doc. 1 at 4.

However, several other matters are left unanswered.  Plaintiff's complaint does not indicate the legal basis for her claims, or the basis of subject matter jurisdiction in this court.  It is most likely that plaintiff seeks relief for constitutional violations pursuant to 42 U.S.C. §1983.  Alternatively, plaintiff's claims may be based solely on state law.  Under either theory, however, the action is due to be dismissed.

Presuming, without deciding, that plaintiff brings this action pursuant to §1983, this court would have jurisdiction over that "federal question" pursuant to 28 U.S.C. §1331.  However, plaintiff brings suit against an insurer and an attorney in private practice.  Section 1983[1] only authorizes suit against persons acting under color of state law.  In general, private insurers, American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-51 (1999), and private attorneys, even if appointed by the court, Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981), are not state

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."  42 U.S.C. §1983.

actors and are not subject to suit under §1983. The complaint alleges nothing which would alter that rule.

If, on the other hand, the court were to read plaintiff's complaint as stating claims pursuant to state law, the court would lack subject matter jurisdiction. Federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377 (1994). Jurisdiction over state law claims is predicated on 28 U.S.C. §1332, which provides for the exercise of jurisdiction over actions between citizens of different states where the amount in controversy exceed $75,000. From the limited information provided, it does not appear that either requirement is satisfied. The Complaint does not request a sum certain, see Lowery v. Alabama Power, 483 F.3d 1184 (11th Cir. 2007), and does not allege the citizenship of the parties. However, the court need not rely solely on the lack of specific allegations of citizenship and the amount in controversy. It appears that both plaintiff and defendant Green–an attorney practicing in Mobile, Alabama–are residents of the same state and thus are not completely diverse. It further appears that the items of damages listed by plaintiff total far less than the $75,000 required for diversity jurisdiction.

In addition, whichever legal basis plaintiff seeks to raise, this action would be due to be dismissed pursuant to the Rooker-Feldman doctrine. " Rooker-Feldman...is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " Lance v. Dennis, 546 U.S. 459, 464 (2006)(*quoting* Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). Given the

distribution of estate assets more than a year ago, it appears highly likely that this action was commenced following entry of judgment in the estate proceedings.  If so, this action would be subject to dismissal on that basis in the absence of the above-cited flaws.

Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's Motion for Leave to Proceed In Forma Pauperis be DENIED and that this action be DISMISSED without prejudice prior to service.  *See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 19th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.